DECEMBER TERM, 1843.

THE PRESIDENT, DIRECTORS, AND COMPANY OF THE PLANTERS BANK OF THE STATE OF MISSISSIPPI *v.* EDWARD J. COURTNEY.

Where the original notes, given by the mortgagor of a tract of land for the purchase-money, are taken up, and new ones substituted instead by the vendee, and the vendor files his bill to enforce his equitable lien, the answer of the vendee, *that the new notes were received in satisfaction and discharge of that lien,* is not evidence.

Where a cause *is submitted for final hearing, and some point in the case is left unproved,* or is not sufficiently explained, it is in the power and discretion of the Chancellor to remand the case to the docket, and direct it to stand over for further proof.

THE complainants, in their bill, alleged that in the year 1838, one William F. Courtney bought of Edward J. Pinkerton a lot of ground in the town of Manchester, in this State ; that Courtney, to secure part of the purchase-money, executed his two notes to Pinkerton, which they purport to exhibit with the bill, for twelve hundred dollars each, for the payment of which it was stipulated, in the deed from Pinkerton to Courtney, that the lot was to be bound, until both the notes were fully paid and satisfied.   The bill further stated, that Pinkerton had assigned the notes to the complainants ; that since the assignment of the notes to them, the lot had been sold under execution, to one Francis Ilsley, who had sold it to one Henry Courtney, who had sold it to the defendant ; that the defendant, and those through whom he claimed, had each notice of the complainant's equity, and the bill therefore  prayed a foreclosure and sale.

The answer of Courtney admitted the sale from Pinkerton to William F. Courtney, and its terms, but denied that the notes held by the complainants, and exhibited with their bill, were the original notes given by William F. Courtney, and for the payment of which the land was bound.   That those two notes had been cancelled and were in his possession,  and he accordingly exhibits what he represents to be them, with his answer ; that Pinkerton came to W. F. Courtney and told him, notes secured by lien on the

land would not answer his purpose, which was to have them discounted at bank, and proposed that the first notes should be cancelled and new ones made, secured by personal security, and that he, Pinkerton, would receive them in full discharge of the two original notes ; that this arrangement was entered into, the two original notes were given up to W. F. Courtney, and the two filed with the bill were substituted in lieu thereof, *and were received in payment and satisfaction of the two original notes.*

He admitted the mode stated in the bill, by which he derived his title, to be true, and insisted that he held the land freed and discharged from the lien of the original notes.

The cause was submitted upon bill, answer, and exhibits, for final hearing.

*Wilkinson,* and *Miles,* for complainants.

Upon the state of facts exhibited in the pleadings, it becomes necessary to inquire into the legal effect of the *reserved lien* in the deed of conveyance.

We submit that its effect is the same as though an absolute conveyance had been made, and *eo instanti* a mortgage executed to secure the payment of the purchase-money.

It is a contract incorporated in the deed itself, that the land conveyed shall remain subject to the payment of a stipulated sum ; and amounts to a conditional conveyance only. From the terms of the deed, it is evident, the parties intended to create a subsisting lien upon the land, of a higher and more permanent character than the ordinary lien raised by implication of law, in favor of the vendor.

Regarding the conveyance, then, as an equitable mortgage, or as a conditional sale, creating by express provision a lien for the purchase-money, there can be no doubt that a transfer of the notes thus secured, invests the holders of them with all the equities subsisting in favor of the assignor. 5 Wend. Rep. 615 ; 5 Con. Rep. 202 ; 1 John. Rep. 590 ; and complainants may enforce their payment in the same manner, and to the same extent, as might have been done by the assignor.

If this position be correct, the sale that took place under the execution against William F. Courtney, and the subsequent conveyances that have taken place, do not in the least impair the rights of complain-

ants. 1 John. Cha. Rep. 298 ; ib. 394 ; 4 ib. 70 ; ib. 262 ; 5 Paige, Cha. Rep. 104 ; 1 Brock. Rep. 316 ; 1 Leigh, Rep. 520.

At all events, the *record* evidence of the non-payment of the sum secured in the deed, was enough to excite a suspicion in the mind of a prudent man, as to the validity of Courtney's title ; and courts of equity have always held that to be sufficient to put a man on inquiry.   1 Atkins, Rep. 489 ; 16 Vesey, 250.

Concluding that what is stated in the answer, in reference to taking up the *two* notes originally executed, and giving the two now held by complainants in their stead, to be true, yet it does not alter the question.   For it surely need not be argued, at this day, that a mortgage given to secure a *note* will also stand good for a re-newal of that note.

The statement in the answer, that it was agreed between the parties to disregard or abolish the *lien* or security reserved in the deed, is irresponsive to the bill, is not supported by proof, and must therefore go for nothing.

If this conveyance be regarded in the light of an equitable mort-gage to secure the payment of the purchase-money, the fact of having personal security in addition, will not detract from its force or validity.

No one can doubt that the object of the parties was to secure the payment of the two $1200 notes.   The books hold, without a, dissenting opinion, that *every* contract for the *security* of money, by the conveyance of property, and *real estate* in particular, is a mortgage.   7 John. Ch. Rep. 40 ; 7 Cranch, Rep. 218 ; 5 Litt. 85 ; 5 Paige, Rep. 9 ; 2 J. J. Mar. Rep. 471 ; Dev. Eq. Rep. 373 ; 3 Yerger, Rep. 459 ; 1 Rand. Rep. 306 ; 3 Wend. Rep. 208 ; 17 Serg. & Rawle, 70 ; 4 Hen. & Mun. Rep. 101 ; 12 Mass. Rep. 456 ; 6 Monroe's Rep. 120.

It may be objected that, inasmuch as the deed of conveyance was not signed by William F. Courtney, the vendor, he is therefore not bound by its provisions.   But such is not the law.   In all cov-enants, a person whose name is mentioned therein, who is a party to the transaction on which they are predicated, and who is to be charged or benefited thereby, is as much bound by the terms of the covenant, as though he had signed it.   See Platt on Covenants, page 10 – 18 ; 1st vol. Law Library, 5 – 9; Cro. Jac. 240; 1 Bulstr.

Rep. 21 ; 3 ib. 163 ; 1 Mod. Rep. 291, 292 ; Co. Litt. 231 a ; 5 Barn. & Cres. 596 ; 8 Dow & Ry. 368 ; 1 Vesey & Bea. 14.

*G. S. Yerger*, for defendant.

The answer in this case states that the two notes mentioned in the mortgage were by agreement satisfied and paid, by substituting two others with personal security ; and as evidence of the fact, the answer exhibits the two notes referred to, which are in defendant's possession, and cancelled.

The notes referred to by complainant do not appear to be executed to Pinkerton, but to a man by the name of Walker. There is not the slightest evidence in the case showing that these two notes are the ones mentioned in the deed. The deed does not describe them as two notes payable to Walker, &c., but simply two notes for $1200 each.

The answer denies that these two notes were the notes mentioned in the deed, but states that the two referred to in the answer, and payable to Pinkerton, were the two secured.

It is true the answer says, the two embraced in it were taken up and paid by the two notes mentioned by complainant, but it expressly says, that they were given in payment of the two which were secured.

This is not like the case where the answer *admits* a fact, and then affirmatively avoids it. Such affirmative avoidance must, it is admitted, be proved. *But in this case there is no admission in the answer, that the notes referred to by complainant were those secured or intended to be secured by the answer.* If it had admitted them to be the notes secured, and then endeavored to avoid them, by saying they were paid by other notes, the latter fact would have to be proved. But the answer, so far from admitting this, expressly denies it, and says the two notes made to Pinkerton were the ones mentioned in the deed. How then can the complainant get his notes in as those secured by the deed ? *He says* they were mere *renewals* of, or substitutes for, the first ; but where is the evidence of this ? the answer does not say so : it says they were received in payment and extinguishment of the two which were embraced in the deed. The complainant is wholly without proof that the deed *ever* was a security for his two notes.

2. The deed merely retains a *lien* — it is not a lien coupled with an interest, as in case of mortgage. It is merely a vendor's lien. It is a naked lien, which the assignment of the notes, if they were really embraced, extinguished.

The High Court has decided that the lien of a vendor is extinguished by an assignment of the note. Such, also, was the decision of the Chancellor, in that case. And the lien given by Act of Assembly to executors' sales, &c., is not assignable.

Whether the statement in the answer, that the plaintiff's notes were taken in payment or satisfaction, is to be proved or not, can make no difference, because, whether they are or not, there is no admission in the answer, or proof in the bond, showing that they are the notes secured by the deed. The rule is, "*What is confessed or admitted* in the answer, need not be proved, &c., but matter which avoids what is admitted must be proved." 2 John. Ch. Rep. 89 ; 2 Bibb. 38.

In this case there is no admission that the notes of complainant were embraced in the deed, and consequently this must be proved.

By the CHANCELLOR. The right of the complainants to enforce the lien set up in this case, must depend upon whether the present notes were received in satisfaction and discharge of that lien or not. The answer states they were so received. But I incline to think that part of the answer is not evidence. It is true, that the only evidence by which the complainant is enabled to connect the present notes, with the deed under which the lien is retained, is derived from the statement of the answer. I am satisfied that the merits of the case cannot be reached without some explanatory proof as to the intended effect of the new notes. I shall accordingly remand the case to the docket, and direct it to stand over for further proof upon this point, which the parties will be at liberty to take. Upon reference to the English practice, I find a discretion of this kind has been frequently exercised by the English Chancellors, where some point in the case is left unproved, or is not sufficiently explained. 1 Hoff. Pr. 498, and authorities there cited.